# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

WILLIAM M. O'HALLORAN,  Case No.  07-13528-RGM
(Chapter 7)
     Debtor.

## MEMORANDUM OPINION

This case is before the court on review of a reaffirmation agreement between the debtor and Harley-Davidson Credit.  The agreement pertains to a 2006 Harley-Davidson FLSTFI with an original purchase price of $18,403.55.  The debtor proposes to reaffirm a debt of $15,846.44.

The debtor is represented by counsel in this case, and counsel executed the certification contained in Part C of the reaffirmation agreement as required by Bankruptcy Code §524(c)(3).  In most cases, these circumstances will render a reaffirmation agreement enforceable without further involvement of the court.  Court review is required, however, when the reaffirmation agreement raises a presumption of undue hardship under §524(m)(1).[1]  A presumption of undue hardship arises when Part D of the reaffirmation agreement shows the debtor's monthly income minus his monthly expenses is less than the amount necessary to make payments on the reaffirmed debt.

In this case, Part D shows monthly income of $4,031.82 and monthly expenses of $4,104.25, leaving negative monthly net income of $72.43.  This is insufficient to service the reaffirmed debt, which requires monthly payments of $309.24.  To rebut the presumption, the Code requires that the debtor to "include[] an explanation that identifies additional sources of funds to make the payments

---

[1] The presumption of undue hardship does not arise where the creditor is a credit union.  *See* Bankruptcy Code §524(m)(2).  Harley-Davidson Credit is not a credit union according to the reaffirmation agreement.

1

as agreed upon under the terms of the agreement." Bankruptcy Code §524(m)(1). The debtor states only that he needs the "motorcycle for transportation to be able to get to work and earn an income." This explanation explains why he wants to reaffirm the debt but does not identify additional sources of funds to make payments on the reaffirmed debt. The court may not disapprove a proposed reaffirmation agreement in this posture without a hearing and will, accordingly, set a hearing on the reaffirmation agreement.

The Bankruptcy Code requires that a hearing under §524(m)(1) be concluded prior to entry of the debtor's discharge. Because the next regularly available motions day is after the deadline for objections to discharge and dischargeability of debt in this case, usually the trigger for granting a discharge, the clerk will delay entry of the debtor's discharge until after the hearing.

Alexandria, Virginia
January 17, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:
John L. Lilly, Jr.

Copy mailed to:
Harley-Davidson Credit
Attn: Sandra Stocz
P.O. Box 21850
Carson City, Nevada 89721

13964